IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LEENA ALWAN** | ) | CASE NO. |
| 3122 Wheaton Dr. | ) | |
| Avon, OH 44011 | ) | |
| | ) | JUDGE |
| Plaintiff | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | |
| **RUSTIC GEM, LLC** | ) | **DEMAND FOR JURY TRIAL** |
| 11043 Durkee Rd. | ) | **Pursuant to Fed. R. Civ. P. 38(b)** |
| Grafton, OH 44044 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| **SEAN MOENNICH** | ) | |
| c/o Rustic Gem, LLC | ) | |
| 11043 Durkee Rd. | ) | |
| Grafton, OH 44044 | ) | |
| | ) | |
| Defendants. | ) | |

Now comes Plaintiff, Leena Alwan ("Plaintiff"), by and through counsel, and submits her Complaint in this action against the Defendants, Rustic Gem, LLC ("the Company") and Sean Moennich ("Moennich"), and hereby alleges as follows:

**<u>INTRODUCTORY STATEMENT</u>**

1.  This is an action for employment discrimination.  Moennich was Plaintiff's manager when both worked at the Company.  Moennich asked Plaintiff, through electronic messages still in Plaintiff's possession, for naked pictures of Plaintiff.  Moennich engaged in other forms of sexual harassment, both via electronic message and in person.  Plaintiff refused to cede to these advances,

and a few weeks later, was terminated.  The proffered reason for termination was merely pretext for Moennich's anger that Plaintiff would not submit to his sexual advances and/or in retaliation for Plaintiff's complaints of sexual harassment.

2.  These actions violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §2000e, *et. seq.* ("Title VII"), and the Ohio Civil Rights Act, R.C. §4112.01, *et seq*. ("OCRA").

## PARTIES

3.  Plaintiff has resided in the State of Ohio and was over the age of majority at all relevant times.

4.  Plaintiff was an "employee" of the Company at all times relevant within the meaning of, Title VII, the OCRA, and all other applicable law.

5.  The Company is a limited liability corporation organized under the Constitution and the laws of the state of Ohio.  It employed Plaintiff and was an "employer" under Title VII, the OCRA, and other applicable law.

6.  Moennich is an individual and was a manager and/or supervisor of Plaintiff at all times relevant.

7.  John Doe Companies, which will be named in discovery and added later to this action, act as a single business entity with Rustic Gem, LLC, for purposes of any legal judgments.

## JURISDICTION AND VENUE

8.  This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343, as this action involves federal questions and issues regarding the violation of Title VII.  This Court has supplemental jurisdiction over Plaintiff's related claims arising under Ohio law pursuant to 28 U.S.C. §1367(a).

9.   This Court has personal jurisdiction over the Company because it is organized in this District and has a substantial and persistent presence here.

10. This Court has personal jurisdiction over Moennich because his actions that gave rise to this lawsuit occurred within this District.

11. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) and (2) because the Company is located in this district under 28 U.S.C. §1391(c)(2), and a substantial part of its and Moennich's actions giving rise to this lawsuit occurred in this district.

**STATEMENT OF FACTS**

12. On or around June 13, 2020, the Company hired Plaintiff.

13. That company is associated with many others, including but not limited to Pine Brook Golf Course and related golf courses and companies to be revealed during discovery. For judgment purposes, they should all be treated as one.

14. Plaintiff was hired into the position of beverage server.

15. While employed by the Company, Plaintiff performed her job functions well.

16. Moennich was the Golf Manager of the Company while Plaintiff worked there.

17. Moennich was a manager with the authority to hire, fire, and make employment decisions regarding Plaintiff's employment.

18. On July 3, 2020, Moennich began sexually harassing Plaintiff. Specifically, he patted her on the lower back and rear and told her that she did a good job selling beverages at a golf outing.

19. Later that night, Moennich sent the following text message to Alwan:

**M:**    **I got request to see your tits…hahaa…they are willing to pay. Any interest?**

**A.**    **I'm good** 😊 😊

> **M.**     Hahaha sorry they kept asking … so I just had to shut them up
>
> **A.**     Lmao what were they saying
>
> **M.**     Hahaha…just that you were hot and they would love to see a nude
>
> **M.**     I think they had money pooled together
>
> **A.**     weird lmaoo
>
> **M.**     Dude's love boobies
>
> **A.**  I see that

20. Later that same night, Moennich sent the following Snap Chat to Plaintiff:

> **M.**     Ohh so are we…I still got money, if you change your mind…hahahaha
>
> **A.**     I'm gooood

21. These messages shocked Plaintiff and made her frightened that her job may be in jeopardy if she did not submit to these sexual advances.

22. On or around July 9, 2020, Plaintiff confided in Mikala Wycoco, a coworker, about this harassment.

23. Text messages verify this conversation.

24. Wycoco told Plaintiff that Moennich sexually harassed other female co-workers in the past.

25. Upon information and belief, the Company did not have any sexual harassment reporting procedure.

26. Even if it did, since the harassment came from her manager, Plaintiff was scared to make a complaint for fear of losing her employment.

27. On or around July 13, 2020, Moennich sent Plaintiff a Snap Chat in which he commented on a picture of Plaintiff in her work uniform.  Moennich said **"Should sell a lot of beer in that outfit** 😊**."**

28. On or around August 1, 2020, Moennich approached Plaintiff at work, grabbed her side, and touched her rear while telling her that she was doing a good job.

29. Later that day, Moennich commented that Plaintiff received a high tip because of the shirt that she was wearing.

30. On or around August 1, 2020, Plaintiff confided in co-worker Ryan McCarthy about the sexual harassment.

31. At this time, Plaintiff began being vocal about the harassment with other employees.

32. On or around August 31, 2020, Moennich terminated Plaintiff for failing to submit to his sexual advancements.

33. Moennich claimed that the termination was due to Plaintiff being absent one day, though Plaintiff previously had permission to be absent that day.  Moennich's reason is pretext for discrimination and in retaliation for the complaints Plaintiff made of harassment to co-workers.

34. Plaintiff filed a complaint with the EEOC within 300 days of her termination.  She received a Right to Sue Letter, and within 90 days of receiving it, has filed this Complaint.  That Letter is attached hereto as "Exhibit 1."

## FIRST CAUSE OF ACTION
### (Sexual Harassment – Hostile Work Environment – Under Title VII against the Company)

35. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

36. While employed by the Company, Plaintiff was subjected to sexual harassment in the form of unwelcome sexual comments and unwelcome offensive physical contact of a sexual nature.

37. The Company created and sustained an environment of severe and pervasive sexual harassment in the form of unwelcome sexual comments and unwelcome offensive physical contact to Plaintiff of a sexual nature in violation of 42 U.S.C. 2000e *et. seq*.

38. The harassment Plaintiff endured had the purpose or effect of unreasonably interfering with her work performance and creating an intimidating, hostile, and offensive work environment.

39. As a direct and proximate result of the Company's conduct, Plaintiff suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages, in addition to all other fees available by law, including interest, attorneys' fees, punitive damages, and costs.

### SECOND CAUSE OF ACTION
### (Sexual Harassment – Hostile Work Environment – Under the OCRA against the Company)

40. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

41. While employed by the Company, Plaintiff was subjected to sexual harassment in the form of unwelcome sexual comments and unwelcome offensive physical contact of a sexual nature.

42. The Company created and sustained an environment of severe and pervasive sexual harassment in the form of unwelcome sexual comments and unwelcome offensive physical contact to Plaintiff of a sexual nature in violation of 42 U.S.C. 2000e *et. seq*.

43. The harassment Plaintiff endured had the purpose or effect of unreasonably interfering with her work performance and creating an intimidating, hostile, and offensive work environment.

44. As a direct and proximate result of the Company's conduct, Plaintiff suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages, in addition to all other fees available by law, including interest, attorneys' fees, punitive damages, and costs.

### THIRD CAUSE OF ACTION
**(Sexual Harassment – Quid Pro Quo – Under Title VII against the Company)**

45. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

46. Plaintiff refused to cede to Moennich's sexual advances, as described above.

47. As a result of Plaintiff's refusal, the Company (via Moennich) terminated Plaintiff.

48. Thus, Plaintiff's continued employment was conditioned upon submission to these sexual advancements.

49. Such violates 42 U.S.C. 2000e *et. seq*., for which Plaintiff is entitled to a remedy.

50. As a direct and proximate result of the Company's conduct, Plaintiff suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages, in addition to all other fees available by law, including interest, attorneys' fees, punitive damages, and costs.

### FOURTH CAUSE OF ACTION
**(Sexual Harassment – Quid Pro Quo – Under the OCRA against the Company)**

51. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

52. Plaintiff refused to cede to Moennich's sexual advances, as described above.

53. As a result of Plaintiff's refusal, the Company (via Moennich) terminated Plaintiff.

54. Thus, Plaintiff's continued employment was conditioned upon submission to these sexual advancements.

55. Such violates R.C. 4112.02, for which Plaintiff is entitled to a remedy under R.C. 4112.99.

56. As a direct and proximate result of the Company's conduct, Plaintiff suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages,

in addition to all other fees available by law, including interest, attorneys' fees, punitive damages, and costs.

### FIFTH CAUSE OF ACTION
**(Retaliation for Engaging in Protected Activity under Title VII against the Company)**

57. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

58. This claim is asserted alternatively to Plaintiff's claim for quid pro quo sexual harassment.

59. Plaintiff made multiple complaints regarding Moennich's sexual harassment, as described above.

60. These complaints constituted protected activity under Title VI.

61. The Company, via Moennich's termination of Plaintiff, constituted adverse employment action against Plaintiff.

62. Such violated 42 U.S.C. 2000e-3(a), for which Plaintiff is entitled to a remedy.

63. As a direct and proximate result of the Company's conduct, Plaintiff suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages, in addition to all other fees available by law, including interest, attorneys' fees, punitive damages, and costs.

### SIXTH CAUSE OF ACTION
**(Retaliation for Engaging in Protected Activity under the OCRA against the Company)**

64. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

65. This claim is asserted alternatively to Plaintiff's claim for quid pro quo sexual harassment.

66. Plaintiff made multiple complaints regarding Moennich's sexual harassment, as described above.

67. These complaints constituted protected activity under the OCRA.

68. The Company, via Moennich's termination of Plaintiff, constituted adverse employment action against Plaintiff.

69. Such violated R.C. 4112.02(I).

70. The OCRA entitles Plaintiff to a remedy for such retaliation under R.C. 4112.99.

71. As a direct and proximate result of the Company's conduct, Plaintiff suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages, in addition to all other fees available by law, including interest, attorneys' fees, punitive damages, and costs.

## SEVENTH CAUSE OF ACTION
### (Violation of R.C. 4112.02(J) against Moennich)

72. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

73. Moennich aided, abetted, and incited the discrimination and other unlawful conduct discussed herein against Plaintiff with respect to the terms, conditions, and privileges of Plaintiff's employment.

74. Such conduct violates R.C. 4112.02(J).

75. Plaintiff is afforded a remedy under R.C. 4112.99.

76. As a direct and proximate result of Moennich's conduct, Plaintiff suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages, in addition to all other fees available by law, including interest, attorneys' fees, punitive damages, and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this court grant her the following relief:

A.  Order each Defendant to make Plaintiff whole by providing compensation for violation of her civil rights, including but not limited to economic, compensatory, emotional distress, and punitive damages, in an amount in excess of $25,000;

B.  Award Plaintiff back pay, front pay, and reimbursement for lost wages;

C.  Award Plaintiff pre and post-judgment interest at the statutory rate;

D.  Award attorneys' fees and costs against each Defendant as allowed under law; and

E.  Award additional relief as this Court deems just and proper.


Respectfully submitted,

 /s/ Shawn A. Romer
Shawn A. Romer (0084251)
sromer@romerlawfirm.com
Romer Law Firm, LLC
4106 Bridge Ave.
Cleveland, OH 44113
Ph: (216) 644-3722
Fx: (216) 803-6674
Attorney for Plaintiff


**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Shawn Romer
Shawn A. Romer (0084251)
Attorney for Plaintiff