IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| LEENA ALWAN, | CASE NO. 1:21-cv-01508 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| RUSTIC GEM, LLC, et al., | |
| Defendants. | MEMORANDUM OPINION AND ORDER |

Currently pending is Defendants Rustic Gem, LLC's and Sean Moennich's Partial Motion to Dismiss Counts Five, Six, and Seven of Plaintiff's First Amended Complaint. (Doc. No. 9.) Plaintiff Leena Alwan filed a Brief in Opposition on November 12, 2021, to which Defendants replied on November 18, 2021. (Doc. Nos. 11, 12.) For the following reasons, Defendants' Partial Motion to Dismiss is DENIED.

**I.  Background**

This is an employment discrimination action, based on Defendant Sean Moennich's alleged sexual harassment of Plaintiff Leena Alwan during her time working at Pine Brook Golf Course. (Doc. No. 7, ¶¶ 1, 26.) Defendant Rustic Gem, LLC operates several golf courses, including Pine Brook. (*Id.* at ¶ 26.) Rustic Gem hired Alwan on June 13, 2020 to work as a beverage server at Pine Brook. (*Id.* at ¶ 25.) Defendant Sean Moennich worked for Rustic Gem as their "Golf Manager." (*Id.* at ¶ 29.) Alwan alleges that Moennich "was a manager with the authority to hire, fire, and make employment decisions regarding" Alwan's employment. (*Id.* at ¶ 30.)

Alwan alleges that Moennich began sexually harassing her on July 3, 2020. (*Id.* at ¶ 31.) Alwan alleges that on that day, Moennich "patted her on the lower back and rear and told her that she

did a good job selling beverages at a golf outing." (*Id.*) Later than night, he sent her several lewd and suggestive text messages and Snap Chat messages. (*Id.* at ¶¶ 32-33.) Defendants do not deny that Moennich sent the messages quoted in Alwan's Amended Complaint. (*See* Answer of Defendant, Rustic Gem, LLC to Counts 1 – 4 of Plaintiff's First Amended Complaint, Doc. No. 8, ¶¶ 32-33.) Alwan alleges that she told a coworker about Moennich's sexual harassment on July 9, 2020. (Doc. No. 7, ¶ 35.) According to Alwan, this coworker told her that Moennich had sexually harassed other female employees in the past. (*Id.*)

Moennich's alleged sexual harassment of Alwan continued. Alwan alleges that on July 13, 2020, Moennich sent Alwan another Snap Chat message in which he made a suggestive comment about Alwan's appearance in her work uniform. (*Id.* at ¶ 40.) Alwan further alleges that on August 1, 2020, Moennich again grabbed Alwan while at work and "touched her rear while telling her that she was doing a good job." (*Id.* at ¶ 41.) Alwan alleges that later that day, Moennich told Alwan that she "received a high tip because of the shirt that she was wearing." (*Id.* at ¶ 42.)

According to the Amended Complaint, on August 1, 2020, Alwan confided in another coworker about Moennich's alleged sexual harassment. (*Id.* at ¶ 43.) Alwan further alleges that, "[a]t this time, [Alwan] began being vocal about the harassment with other employees." (*Id.* at ¶ 44.) Alwan alleges that Rustic Gem did not have any sexual harassment reporting procedure. (*Id.* at ¶ 38.)

Alwan alleges that Moennich thereafter "became aware of [Alwan's] complaints of sexual harassment." (*Id.* at ¶ 45.) On August 31, 2020, Moennich fired Alwan. (*Id.* at ¶ 46.) Alwan alleges that Moennich fired her "for failing to submit to his sexual advancements and/or in retaliation for making complaints of sexual harassment." (*Id.*) According to Alwan, Moennich claimed that he was firing Alwan because she was absent one day, though Alwan maintains that she had previously

obtained permission to be absent that day. (*Id.* at ¶ 47.) Alwan alleges that Moennich's stated rationale for terminating her employment was pretext for discrimination and in retaliation for Alwan's complaints of sexual harassment to coworkers. (*Id.*)

Alwan filed the instant lawsuit on August 3, 2021. (Doc. No. 1.) Alwan filed her First Amended Complaint on October 15, 2021. (Doc. No. 7.) Therein, Alwan alleged seven claims against Rustic Gem and/or Moennich[1]: (1) Sexual harassment—hostile work environment in violation of 42 U.S.C. § 2000e-2, *et seq.* ("Title VII"), against Rustic Gem; (2) Sexual harassment—hostile work environment in violation of the Ohio Civil Rights Act, against Rustic Gem[2]; (3) Sexual harassment—quid pro quo in violation of Title VII, against Rustic Gem; (4) Sexual harassment—quid pro quo in violation of the Ohio Civil Rights Act, against Rustic Gem; (5) Retaliation in violation of Title VII, against Rustic Gem; (6) Retaliation in violation of the Ohio Civil Rights Act, against Rustic Gem; and (7) Aiding and abetting discrimination in violation of the Ohio Civil Rights Act, against Moennich. (Doc. No. 7, ¶¶ 49-90.) On October 28, 2021, Defendants filed the instant Partial Motion to Dismiss Counts Five, Six, and Seven of Plaintiff's Amended Complaint. (Doc. No. 9.) Alwan filed a Brief in Opposition on November 12, 2021, to which Defendants replied on November 18, 2021. (Doc. Nos. 11, 12.) Defendants' Partial Motion is now ripe for a decision.

## II. Standard of Review

Defendants move to dismiss Alwan's Counts Five, Six, and Seven for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Under Fed. R. Civ. P. 12(b)(6), the Court accepts the plaintiff's factual

---

[1] In her Amended Complaint, Alwan named several additional defendants, but has since dropped her allegations against those defendants. (*See* ECF Order 3/7/2022.) The only remaining defendants in this action are Rustic Gem and Moennich.
[2] The Court notes that Plaintiff's second cause of action is captioned as a violation "under the OCRA," but paragraph 56 alleges a violation of 42 U.S.C. § 2000e *et seq.*, i.e., Title VII, not Ohio Rev. C. § 4112, the Ohio Civil Rights Act. (Doc. No. 7, ¶ 56.)

3

allegations as true and construes the Complaint in the light most favorable to the plaintiff. *See Gunasekara v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). In order to survive a motion to dismiss under this Rule, "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

The measure of a Rule 12(b)(6) challenge—whether the Complaint raises a right to relief above the speculative level—"does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. National Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting in part *Twombly*, 550 U.S. at 555-56, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Deciding whether a complaint states a claim for relief that is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Consequently, examination of a complaint for a plausible claim for relief is undertaken in conjunction with the "well-established principle that 'Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Gunasekera*, 551 F.3d at 466 (quoting in part *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)) (quoting *Twombly,* 127 S.Ct.

at 1964). Nonetheless, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937.

### III. Analysis

Defendants argue that Alwan's Counts Five and Six should be dismissed because Alwan failed to allege that Rustic Gem had actual knowledge of Alwan's protected activity and, therefore, Alwan fails to state a plausible claim for retaliation under Title VII or Ohio Rev. C. § 4112. (Doc. No. 9-1, PageID# 89.) Specifically, Defendants argue that although Alwan need not prove her *prima facie* case of retaliation at the pleadings stage, the Court should nevertheless consider the elements of a *prima facie* case of retaliation when determining the plausibility of Alwan's allegations. (*Id.* at PageID# 90.) Defendants argue that Alwan's Amended Complaint does not include sufficient facts to allege that Rustic Gem had actual knowledge of Alwan's complaints about Moennich's sexual harassment to coworkers. (*Id.* at PageID# 91.) Defendants maintain that the "relevant decisionmaker" was Rustic Gem, not Moennich, and because Alwan does not allege that *Rustic Gem* had actual knowledge of her complaints, Alwan's retaliation claims fail. (*Id.*) Additionally, Defendants argue that because Alwan's retaliation claims fail, Alwan's seventh claim for violation of Ohio Rev. C. § 4112.02(J) against Moennich for aiding and/or abetting Rustic Gem's retaliation necessarily fails. (*Id.* at PageID# 94.)

To make out a *prima facie* case of retaliation, a plaintiff must show that (1) she engaged in a protected activity under Title VII, (2) the protected activity was known to the defendant, (3) the defendant took an adverse employment action against the plaintiff, and (4) there was a causal

5

connection between the adverse employment action and the protected activity.³ *Taylor v. Geithner*, 703 F.3d 328, 336 (6th Cir. 2013) (citing *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 995-96 (6th Cir. 2009)). The *prima facie* requirement for making a Title VII claim "is not onerous" and poses "a burden easily met." *Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 660 (6th Cir. 2000) (quoting *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 253 (1981) and *Wrenn v. Gould*, 808 F.2d 493, 500 (6th Cir. 1987)).

However, a *prima facie* case is an evidentiary standard, not a pleading requirement. *See, e.g., Varner v. APG Media of Ohio, LLC*, No. 2:18-cv-706, 2019 WL 145542, at *4 (S.D. Ohio Jan. 9, 2019) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002); *Lindsay v. Yates*, 498 F.3d 434, 439 (6th Cir. 2007)). "The liberal pleading standard applicable to civil complaints does not require that a retaliation complaint set forth specific facts establishing a prima facie case, but it must allege facts that establish a plausible claim to relief." *Carrethers v. Speer*, 698 Fed. App'x 266, 270 (6th Cir. 2017) (citing *Keys v. Humana*, 684 F.3d 605, 609-10 (6th Cir. 2012)).

The Court concludes that Alwan sufficiently pleaded her retaliation claims in Counts Five and Six. Her Amended Complaint asserts factual allegations that make out a plausible claim for relief. She alleged that she complained to at least two coworkers and then proceeded to be "vocal about [Moennich's] harassment with other employees." (Doc. No. 7, ¶¶ 35, 43-44.) Alwan further alleged that Moennich "became aware of"—i.e., that Moennich gained actual knowledge of—Alwan's complaints of sexual harassment. (*Id.* at ¶ 45.) Alwan also alleged that Moennich worked as Rustic

---

³ Alwan's retaliation claims under Title VII and Ohio "may be analyzed together . . . because 'Ohio's requirements are the same as under federal law.'" *Russell v. Univ. of Toledo*, 537 F.3d 596, 604 (6th Cir. 2008) (quoting *Carter v. Univ. of Toledo*, 349 F.3d 269, 272 (6th Cir. 2003)); *Lindsey v. Whirlpool Corp.*, 295 F. App'x 758, 760 n.1 (6th Cir. 2008) ("The Ohio Civil Rights Act mirrors Title VII in all relevant respects for Plaintiff's discrimination and retaliation claims."); *see* 42 U.S.C. § 2000e-2; Ohio Rev. Code § 4112.02.

Gem's Golf Manager and that he had "the authority to hire, fire, and make employment decisions regarding [Alwan's] employment." (*Id.* at ¶¶ 29-30.) Finally, Alwan alleged that Moennich indeed fired her on August 31, 2020, allegedly in retaliation for complaining to her coworkers about Moennich's alleged persistent sexual harassment. (*Id.* at ¶ 46.) Taken together, these allegations set forth a plausible claim for retaliation: Alwan engaged in protected activity by complaining about Moennich's alleged sexual harassment, Moennich learned of Alwan's protected activity, and Moennich—acting under the authority vested in him by Rustic Gem—fired Alwan, allegedly because she engaged in protected activity.

Defendants' various arguments in favor of dismissal are not persuasive. First, though Alwan's allegation regarding Moennich's knowledge of her complaints is indeed spare, when the Court applies the liberal pleading standard, rather than the more rigorous *prima facie* evidentiary burden, the Court is persuaded that Alwan plausibly alleged retaliation. *See Carrethers*, 698 Fed. App'x at 271-72. Second, Defendants almost exclusively rely upon cases decided well past the pleading stage. *Braun v. Ultimate Jetcharters*, *Mulhall v. Ashcroft*, *Roberts v. Glenn Indus. Group, Inc.*, and *Meyers v. Goodrich* all examined whether the plaintiffs therein met the evidentiary burden of the *prima facie* case either at the dispositive motion stage, or, in *Braun*, on appeal after trial. However, as discussed *supra*, the Court need only address the adequacy of Alwan's Amended Complaint now. *Carrethers*, 698 Fed. App'x at 271 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) and *Bell Atl. Corp.*, 550 U.S. at 556). Alwan need not prove her *prima facie* case at the pleading stage.

Moreover, *Powell-Coker v. Norfolk S. Ry Co., Inc.*, which *was* decided upon a motion to dismiss, is distinguishable from the instant case. In *Powell-Coker*, the plaintiff conceded that her claims about the defendants' knowledge of her protected activity were "speculative" and noted that

she would have to collect evidence "to determine the nature of the involvement of each" defendant. *Powell-Coker v. Norfolk S. Ry. Co., Inc.*, No. 2:18-cv-01094, 2018 WL 5116837, at *4 (N.D. Ala. Oct. 19, 2018). The plaintiff asked the court to accept that a basis of liability existed against each defendant "by virtue of their position with the company [and] their proximity to the protected activity and/or retaliatory acts." *Id.* This case is markedly different. Unlike the plaintiff in *Powell-Coker*, Alwan does not ask the Court to infer that Rustic Gem had actual knowledge. Instead, Alwan clearly alleges that Moennich gained actual knowledge of Alwan's protected activity, and shortly after learning of Alwan's complaints about his continued alleged harassment, fired Alwan. (Doc. No. 7, ¶¶ 45, 46.)

Finally, Defendants' assertion that Moennich's alleged actual knowledge of Alwan's complaints cannot be imputed onto Rustic Gem, the "relevant decisionmaker," is not well-taken. Defendants' insistence that Alwan "does not allege *in any fashion* that Rustic Gem – *the relevant decision maker for the retaliation claims* – was aware of her alleged protected activity prior to" Alwan's termination borders on absurd. (Doc. No. 9-1, PageID# 93, emphasis in original.) "Rustic Gem" is a company that operates golf courses, not a person.[4] (Doc. No. 7, ¶¶ 5, 26.) Moennich was one of Rustic Gem's managers. (Doc. No. 7, ¶ 29.) The company Rustic Gem vested Moennich with the authority to hire and fire employees on Rustic Gem's behalf. (*Id.* at ¶ 30.) The Court agrees with

---

[4] It is for this reason that Defendants' citation to *Roberts v. Glenn Indus. Group, Inc.* is particularly inapposite. (*See* Doc. No. 9-1, PageID# 93.) In *Roberts*, the defendant company, Glenn Industrial Group, maintained a "no harassment" policy that required all complaints of sexual harassment be reported to the CEO, Richard Glenn. *Roberts v. Glenn Indus. Group, Inc.*, 998 F.3d 111, 115 (6th Cir. 2021). On appeal, the Fourth Circuit affirmed the district court's grant of summary judgment as to the plaintiff's retaliation claim because it was undisputed that the plaintiff never told Glenn (the CEO) directly of the harassment, despite having met with Glenn twice and the plaintiff offered no other proof of Glenn's knowledge of the plaintiff's protected activity. *Id.* at 123-24. However, while the *Roberts* plaintiff was required to provide evidence that Glenn, *the human CEO*, knew of his complaints, he was *not* required to provide evidence that Glenn Industrial Group, Inc., a non-sentient corporation, had knowledge of the plaintiff's protected activity.

Alwan's argument that "[t]here is no way for Rustic Gem to have actual knowledge of a complaint other than through its decisionmakers, such as Moennich." (Doc. No. 11, PageID# 102.)

Accordingly, the Court concludes that Alwan plausibly alleges claims for retaliation under Title VII and Ohio Rev. C. § 4112 and, therefore, denies Defendants' Motion to Dismiss Counts Five and Six. Further, because Counts Five and Six remain, the Court also denies Defendants' request to dismiss Count Seven. Defendants argue that Count Seven must be dismissed if Counts Five and Six are dismissed. (Doc. No. 9-1, PageID# 94.) However, Counts Five and Six remain. The Court concludes that Alwan plausibly alleged that Moennich violated Ohio Rev. C. § 4112.02(J) by aiding and abetting Rustic Gem in retaliating against her.

**IV. Conclusion**

For the reasons set forth above, Defendants' Partial Motion to Dismiss Counts Five, Six, and Seven of Plaintiff's Amended Complaint is DENIED.

**IT IS SO ORDERED.**

                                                   *s/Pamela A. Barker*
                                                   PAMELA A. BARKER
Date: May 18, 2022                            U. S. DISTRICT JUDGE